# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**THOMAS FLOOD, #449350**

    Petitioner,

                                   Civil No: 07-CV-10457
                                   Honorable John Corbett O'Meara

**v.**

**CINDI CURTIN**,

    Respondent.
_____

## ORDER DENYING PETITIONER'S MOTION
## FOR EVIDENTIARY HEARING & DENYING AS MOOT
## PETITIONER'S MOTION FOR GUIDANCE

## I. Introduction

This is a *pro se* habeas corpus case filed pursuant to 28 U.S.C. §2254. This matter is before the Court on Petitioner, Thomas Flood's, "Brief and Authorities in Support of Exhaustion and Motion for Evidentiary Hearing." Petitioner was convicted of one count of assault with intent to do great bodily harm and one count of larceny to a building. He was sentenced to concurrent terms of two to fifteen years and five to fifteen years.

Petitioner's fourth habeas claim references a "Motion for Remand Hearing under People v. Ginther" which he filed in the Michigan Court of Appeals. However, the motion was returned without appellate review because it was not filed in compliance with state appellate rules. Within the *Ginther*[1] motion, Petitioner lists several alleged trial counsel deficiencies. Therefore, Petitioner's reference to the *Ginther* motion as a habeas claim is his effort to include those issues

---

[1] *People v. Ginther,* 390 Mich 436; 212 N.W.2d 922 (1973)

for the Court's habeas review. He now seeks an evidentiary hearing on the issues raised in the *Ginther* motion claiming that the ineffective assistance of counsel issues raised within that motion have constitutional merit. Further, he states that these ineffective assistance of counsel errors resulted in him receiving an unfair trial.

Respondent recently submitted an answer to the habeas petition in this matter and asserts that any claims Petitioner attempts to add from his *Ginther* motion are unexhausted and not subject to habeas review. For the reasons that follow, the Court will deny Petitioner's evidentiary hearing request and will also deny as moot his motion for guidance, as it is an inquiry about the status of the evidentiary motion.

## II. Standard of Review

In order for Petitioner to obtain an evidentiary hearing he must comply with U.S.C. 28 U.S.C. §2254(e)(2), which prevents federal courts from granting evidentiary hearing to petitioners who "fail [ ] to develop the factual basis of a claim in State court proceedings." The Supreme Court has explained that "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor,* 529 U.S. 420, 432 (2000). This Circuit has noted that "a finding of diligence would 'depend [ ] upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue a claim in state court." *Sawyer v. Hofbauer,* 299 F.3d 605, 610 (6th Cir. 2002).

## III. Discussion

In this case, the Court finds that an evidentiary hearing is unnecessary for a just resolution of Petitioner's claims as it appears that the issues upon which Petitioner is requesting a hearing have

not been exhausted.  Moreover, Petitioner failed to develop the record in state court and failed to exercise diligence in attempting to do so.  Petitioner filed a motion with the Michigan Court of Appeals requesting a *Ginther* hearing.  The pleading was returned to him on March 3, 2004 because it did not comply with Administrative Order 1981-7, Standard 11, as it did "not raise a substantive claim directly challenging the appeal . . . " (Petition for Habeas Corpus, Appendix 2).  Petitioner subsequently filed a supplemental brief on October 25, 2004, which was filed and docketed with the initial brief on appeal after defects in the brief were cured on November 10, 2004.  However, Petitioner failed to raise the issues in the *Ginther* motion in the supplemental brief.  Instead, Petitioner indicated in one sentence in his motion to submit the supplemental brief that he was not waiving the issues he raised in the *Ginther* motion which was filed several months before on February 4, 2004.  Petitioner's appeal was not submitted to the appellate panel until December 7, 2004 and a decision was entered on December 21, 2004.  Therefore, between February 4, 2004 when his *Ginther* motion was returned and October 25, 2004 when the supplemental appeal brief was filed, Petitioner could have re-submitted his appealable issues in a form compliant with the state appellate rules.  However, Petitioner failed to do so.  Thus, because Petitioner failed to develop a factual record in state court and did not exercise diligence in attempting  to do so, the Court will deny Petitioner's motion for an evidentiary hearing.

 Petitioner has also filed a motion for guidance inquiring about the status of his evidentiary hearing motion. In light of the fact that the Court has ruled on the issue and Respondent has addressed the claim in a responsive pleading, the Court will deny the motion as moot. Petitioner also requested a time stamped copy of his evidentiary hearing motion, presumably to emphasize to the Court that the motion had been filed and to promote an expedient response from the Respondent.

Since both objectives have been achieved the Court at this time does not find it necessary to supply Petitioner with time stamped pleadings from the court file.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Brief and Authorities in Support of Exhaustion and Motion for Evidentiary Hearing" [Doc. #7-1, filed January 29, 2007] is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Guidance" [Doc. #8-1, filed June 1, 2007] is **DENIED** as **MOOT.**

s/John Corbett O'Meara<br>
United States District Judge

Dated: September 21, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 21, 2007, by electronic and/or ordinary mail.

s/William Barkholz<br>
Case Manager