UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THOMAS FLOOD, #449350**

  Petitioner,

             Civil No: 07-CV-10457
             Honorable John Corbett O'Meara
             Magistrate Judge Virginia M. Morgan

v.

**CINDI CURTIN**,

  Respondent.
_____/

**OPINION & ORDER DENYING PETITIONER'S MOTION FOR
DISCOVERY [dkt. #13]; MOTION FOR RECONSIDERATION [dkt. #15];
MOTION FOR AN EVIDENTIARY HEARING [dkt. # 18]; & GRANTING
MOTION FOR ENLARGEMENT OF TIME [dkt. # 14]**

  This is a *pro se* habeas corpus case filed pursuant to 28 U.S.C. §2254. Pending before the Court are the following motions filed by Petitioner, Thomas Flood: (1) "Motion for Discovery;" (2) "Motion to Enlarge Pro Se Response Brief;" (3) "Motion for Reconsideration of Order and Discussion Denying Motion for Evidentiary Hearing;" and (4) an evidentiary hearing motion. Petitioner was convicted of one count of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws §750.84, and one count of larceny in a building, Mich. Comp. Laws §750.360. He was sentenced to concurrent terms of two to fifteen years and five to fifteen years. For the reasons set forth below, the Court denies Petitioner's discovery, reconsideration and evidentiary hearing motions, but grants Petitioner's motion for additional time in which to file a reply brief.

# I. DISCUSSION

## A. Discovery Motion

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1977). Rather a petitioner is entitled to discovery only if the district judge " in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254. In order to establish "good cause" for discovery, the petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. See *Bracy v. Gramley,* 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. See *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001).

In this case, within Petitioner's discovery motion, he lists several "certified" documents and records of which he seeks to obtain possession relative to his case: (1) charging information; (2) complaint; (3) warrant; (4) felony information; (5) complainant's statements; (6) witness statements; (7) police reports; (8) evidence reports; (9) photographs; (10) arresting officer reports; (11) prosecutor's file documents; (12) all documents filed with the Wayne County Circuit Court; (13) all documents related to, created or filed by or with his court appointed appellate counsel; and (14) all documents filed with the state appellate court. Petitioner does not state why all of these documents should be produced, how they will assist him in obtaining habeas relief, or how all of these documents are material to his habeas claims. The Rule 5 materials were filed with the Court on October 3, 2007. Therefore, the Court has possession of what it needs to effectively review

Petitioner's habeas claims. Petitioner has failed to establish "good cause" for granting his discovery request and his motion is denied.

**B.    Enlargement of Time Motion**

Petitioner requests additional time to file a reply brief in response to the answer submitted by Respondent relative to Petitioner's habeas corpus petition. Petitioner was initially ordered to file such a reply brief, if he so chose, within forty-five (45) days from the date of the responsive pleading was filed. "When an act may or must be done within a specified period of time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness. *Pioneer Inv. Servs. Co., v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 388 (1993). "The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. Petitioner states that his time limitations in the prison law library have precluded him from being able to file a timely reply brief. The Court finds Petitioner's excuse to fall within the realm of excusable neglect and will grant Petitioner's motion allowing him an additional twenty (21) days in which to submit a reply brief[1].

---

[1] The Court notes that Petitioner has attached several documents to his motion for an enlargement of time in which to file a reply brief. The Court is unclear whether that filing is to constitute Petitioner's reply brief or if he is requesting additional time to file additional written

## C. Reconsideration Motion

Petitioner filed an evidentiary hearing motion in order for his ineffective assistance of counsel claim to gain traction for habeas review. On September 21, 2007, the Court denied the motion ruling that an evidentiary hearing was unnecessary for a just resolution of Petitioner's claims as it appeared that the issues upon which Petitioner was requesting a hearing had not been exhausted. Moreover, the Court stated that Petitioner failed to develop the record in state court and failed to exercise diligence in attempting to do so. Petitioner now requests that the Court reconsider its decision.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Czajkowski v. Tindall & Associates*, P.C., 967 F.Supp. 951, 952 (E.D.Mich.1997). The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich.1997).

Petitioner claims that it was the fault of his appellate counsel as to why the ineffective assistance of counsel issue was not exhausted or properly developed during the state court appellate process. Petitioner also asserts that exhausting his ineffective assistance of counsel claim would be futile since the same state appellate courts previously denied his substantive claims. Petitioner's

---

material. In any event the Court will accept what is attached to Petitioner's enlargement motion and what will be filed, if anything, within the above stated twenty-one (21) day period.

argument is an explanation for the set of circumstances which led the Court to deny his evidentiary hearing motion. It is not, however, a demonstration of a palpable defect by which the court and the parties were misled. Moreover, Petitioner has not shown that a different disposition of the case must result from a correction of any such defect. Therefore, the Court will deny Petitioner's reconsideration motion.

**D. Evidentiary Hearing Motion**

Petitioner's submission has been docketed as a motion for evidentiary hearing, but it is more in line of being a letter informing the Court that prison officials are interfering with his ability to file timely and substantive pleadings with this Court. Petitioner asks that the Court take judicial notice of these problems and/or to grant his previous motion for an evidentiary hearing by granting his current motion for reconsideration. First, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court, for example, may take judicial notice of its own records and files in connection with the allegations of a petition for a writ of habeas corpus. See *Van Woudenberg ex.rel. Floor v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000). The alleged facts which are the subject of Petitioner's grievances do not fall within the realm of judicially noticed facts. Certainly, the accuracy of Petitioner's version of events will likely be disputed by prison officials and vice-versa. Therefore, the Court will not take judicial notice of the facts giving rise to Petitioner's grievances.

Second, for the reasons articulated in the Court's September 21, 2007 order denying an evidentiary hearing and for the reasons set forth above addressing Petitioner's reconsideration motion, Petitioner's duplicative request for an evidentiary hearing is denied.

## II.  CONCLUSION

Accordingly,

IT IS ORDERED that Petitioner's "Motion for Discovery" [dkt. #13] is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion to Enlarge Pro Se Response Brief" [dkt. #14] is **GRANTED.**  Petitioner has **twenty-one (21)** days in which to file a reply brief.

IT IS FURTHER ORDERED that Petitioner's "Motion for Reconsideration of Order and Discussion Denying Motion for Evidentiary Hearing;"on for Guidance" [dkt. #15] is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's motion for an evidentiary hearing [dkt. #18] is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date:  August 7, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 7, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager