UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FLOOD, #449350,

    Petitioner,

v.                                Case No. 2:07-CV-10457
                                Honorable John Corbett O'Meara
                                Magistrate Judge Virginia M. Morgan

CINDI CURTIN,

    Respondent.
_____/

**OPINION AND ORDER GRANTING IN PART & DENYING IN PART PETITIONER'S MOTION TO "PROCEED ON EXHAUSTED CLAIMS PRESENTED TO THE STATE COURT AND DISMISSAL OF CLAIMS UNEXHAUSTED"**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Thomas Flood (Petitioner) is incarcerated pursuant to a state court conviction, following a Wayne County jury trial, for assault with intent to commit great bodily harm less than murder and larceny in a building. Petitioner has filed a *pro se* petition for a writ of habeas corpus, challenging this conviction. Before the Court is Petitioner's "Motion to Proceed on Exhausted Claims Presented to the State Court and Dismissal of Claims Unexhausted." For the reasons that follow, the motion will be granted in part and denied in part.

**I. DISCUSSION**

Petitioner seeks to dismiss the following unexhausted claim:

"See, Motion for Remand under Ginther for Evidentiary Hearing. Was received by the Court of Appeals February 23, 2004, and returned to Petitioner on March 3, 2004. See Petitioner's Supplemental Michigan Court of Appeal Brief filed November 10, 2004. See, Michigan Supreme Court Order dated October 13, 2005 -- January 30, 2006, Justice Kelly's Opinion

in this case. Petitioner has diligently provided the Michigan Court of Appeals and the Michigan Supreme Court with the opportunity to review the merits of all claims raised in the motion for remand and subsequent supplemental brief. All claims were presented and exhausted for this Court's judicial determination/review."

Pet. at 2. The Court will grant Petitioner's request.[1]

Petitioner also requests that he not only be permitted to seek habeas relief relative to the remaining claims in his original petition,[2] but that he be allowed to amend his habeas petition to include the claims that he raised in a supplemental brief that was filed with the Michigan Court of Appeals and the Michigan Supreme Court prior to filing his habeas petition. Petitioner seeks to add the following claims:

---

[1] Petitioner states in his motion that on "August 7, 2008, this Honorable Court issued an order denying petitioner's unexhausted claims" (Mot. at 1). However, this is not an accurate statement. The Order entered on August 7, 2008 did not involve the issue of exhausted claims. The Order denied a discovery motion, denied a motion for reconsideration, denied a motion for an evidentiary hearing, and granted a request for an enlargement of time. [Dkt. #20].

[2] "I. PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO A FAIR TRIAL AND TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL ATTORNEY ASSERTED TO THE JURY DURING HIS CLOSING ARGUMENT THAT PETITIONER WAS GUILTY OF ASSAULT, WITHOUT ANY STATEMENT ON THE RECORD THAT PETITIONER KNEW ABOUT AND VOLUNTARILY CONSENTED TO HIS COUNSEL'S ADMISSIONS OF HIS GUILT.

II. PETITIONER WAS DENIED HIS FEDERAL AND STATE CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BECAUSE THE TRIAL JUDGE FAILED TO SUA SPONTE INSTRUCT THE JURY ON THE DEFENSE OF CLAIM OF RIGHT.

III. DEFENSE COUNSEL'S FAILURE TO REQUEST AN INSTRUCTION ON THE DEFENSE OF CLAIM OF RIGHT OR TO OBJECT TO THE TRIAL JUDGES FAILURE TO INSTRUCT ON THAT DEFENSE, DENIED THOMAS FLOOD HIS FEDERAL AND STATE CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL."

"I. WHETHER MR. FLOOD WAS DENIED HIS CONSTITUTIONAL RIGHT TO REVIEW AND CHALLENGE THE PRE-SENTENCE REPORT?

II. WHETHER [THE PRE-TRIAL INVESTIGATION] WAS ERRONEOUS, DEFECTIVE, AND DID THE PROSECUTOR ESTABLISH OR MEET THE BURDEN OF PROOF?

III. WHETHER THE SENTENCE INFORMATION REPORT ASSESSMENT SCORING OF PRIOR RECORD VARIABLES AND OFFENSE VARIABLES WERE ERRONEOUSLY DETERMINED AND NOT SUBSTANTIATED BY PROOF BY THE TRIER OF FACTS, THE JURY, BEYOND A REASONABLE DOUBT? "

### A. Statute of Limitations

Following Petitioner's conviction and sentence, he filed an appeal of right with the Michigan Court of Appeals. Petitioner's appeal was denied and his conviction was affirmed on December 21, 2004. *People v. Flood,* No. 248157, 2004 WL 2951956 (Mich Ct. App. Dec. 21, 2004). Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court , which was also denied. *People v. Flood,* 474 Mich. 881; 704 N.W.2d 666 (2005) (Table). Petitioner filed a motion for reconsideration with the Michigan Supreme Court and relief was likewise denied on January 30, 2006 . *People v. Flood,* 474 Mich. 1022; 708 N.W.2d 398 (2006) (Table).

Where a state prisoner has sought direct review of his conviction in the states highest court, but does not file a petition for certiorari with the U.S. Supreme Court, the one year statute of limitations period for seeking habeas review under 28 U.S.C. §2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the day that the ninety-day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio,* 235 F.3d 283 (6th Cir. 2000).

Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, Petitioner's judgment became final for the purpose of commencing the running of the one-year limitations period on April 30, 2006, with the statute of limitations expiring on April 30, 2007.

Petitioner signed and dated the instant petition on November 14, 2006; and it was received by this Court on January 29, 2007. Calculating from the November 14, 2006 date[3], Petitioner filed his habeas petition, approximately five and one half months before the statute of limitations period would have expired on April 30, 2007. On August 12, 2009, approximately two and one half years after the limitations period expired, Petitioner now files his request to amend the habeas petition by adding issues originally raised in the state courts, but not invoked for habeas review.

### B. Amending Petition

The mandate of Fed. R. Civ. P. 15(a) that a court freely grant leave to amend when justice so requires has been interpreted to allow supplementation and clarification of claims initially raised in a timely motion. *See Anderson v. United States,* No. 01-2476, 2002 WL 857742 at *3 (6th Cir. May 3, 2002); *Oleson v. United States,* No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001). However, once the statute of limitations has expired, allowing an amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism & Effective Death Penalty Act of 1996 (AEDPA). Therefore, because Petitioner's motion to amend his habeas petition was not filed until more than two

---

[3]Under the prison mailbox rule this Court assumes that Petitioner actually filed his habeas petition on November 14, 2006, the date that it was signed and dated. *Fugate v. Booker,* 321 F.Supp.2d 857, 859, n.2 (E.D. Mich. 2004).

4

years after the limitations period expired, all of the new grounds Petitioner has proposed to add are time-barred,[4] unless Petitioner's proposed amendment relates back to his initial petition under the standards announced by the Supreme Court in *Mayle v. Felix*, 545 U.S. 644 (2005).

In *Mayle*, the Supreme Court held that when a petitioner seeks leave to amend the petition to add claims, after the expiration of AEDPA's one-year limitations period, the proposed amendment relates back to the original pleading only "if the original and amended pleadings "ar[i]se out of the same conduct, transaction or occurrence." *Mayle*, 545 U.S. at 655 (quoting Fed. R. Civ. P. 15(c)(2)). The *Mayle* Court further held that "relation back depends on the existence of a 'common core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. Relation back is permitted "only when the claims added by the amendment arise from the same core facts and not when the new claims depend upon events separate 'both in time and type' from the originally raised episodes." *Id.* at 657. A reviewing court must look to the facts from which the claims arise. In this case, Petitioner's original petition addresses the issues set forth in detail under n.2 and generally are as follows: (1) ineffective assistance of counsel during closing argument for failure to request a particular jury instruction; (2) the trial court's failure to

---

[4] Petitioner has also failed to present any arguments in support of invoking the doctrine of equitable tolling under these circumstances. Since Petitioner bears the onus of proving the applicability of equitable tolling, the Court finds that he has failed to meet that burden. *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).

properly instruct the jury; and (3) trial counsel's failure to object to the jury instructions. Petitioner's new claims involve: (1) denial of the right to review Petitioner's pre-sentence report; (2) an erroneous pre-trial investigation; (3) and sentencing errors.

Although Petitioner's new claims arise from the same trial, they also constitute new grounds for relief. These grounds for relief are supported by facts that differ in both time and type from the original habeas claims. None of the issues Petitioner seeks to add to his habeas petition were a part of the original petition. Moreover, these new claims are based upon different facts than those raised the original habeas petition. Because these new claims do not consist of the same "common core of operative facts" as the original habeas issues, the new claims cannot relate back to the original petition and are therefore time barred.

Moreover, Petitioner was completely aware of these claims when he filed his original habeas petition since they were raised in the state appellate courts. Therefore, to wait more than two years after the statute of limitations period expired to seek an amendment of the habeas petition with no explanation for the inordinate delay further persuades the Court to deny Petitioner's amendment request.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion to Proceed on Exhausted Claims Presented to the State Court and Dismissal of Claims Unexhausted" [Dkt. #22] is **GRANTED IN PART**, as the Court will permit Petitioner to withdraw the unexhausted claim

set forth above, and **DENIED IN PART**, as the Court will not allow Petitioner to amend his habeas petition by adding claims raised in his supplemental brief filed in the state appellate courts.

s/John Corbett O'Meara  
United States District Judge

Date: October 15, 2009

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 15, 2009, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager
