UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FLOOD, #449350,

    Petitioner,

                                       Civil No: 5:07-CV-10457
                                       Honorable John Corbett O'Meara
                                       Magistrate Mona K. Majzoub

v.

CINDI S. CURTIN,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Thomas Flood is presently confined at Cooper Street Correctional Facility in Jackson, Michigan. He has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner was convicted of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws §750.83; and larceny in a building, Mich. Comp. Laws §750.360. Petitioner was sentenced as a fourth habitual offender, Mich. Comp. Laws §769.12, to concurrent terms of five to fifteen years imprisonment for the assault conviction and two to fifteen years on the larceny conviction. For the reasons that follow, the Court will deny the petition.

### I. BACKGROUND

Petitioner's conviction arises from an assault upon Julie McBride and the theft of her cell phone. The state appellate court in this case set forth underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith,* 197 F. Supp.2d 753, 758 (E.D. Mich. 2001), *aff'd*. 41 Fed. App'x. 730 (6th Cir. 2002), as follows:

> Complainant [Julie McBride], defendant's employer, testified that she terminated defendant's employment and argued with him regarding his final wages. Complainant testified that defendant hit her in the head with a stapler and his hand, and threw a trash can at her, spilling the contents onto her. Subsequently, complainant discovered that a cell phone was missing from her purse.
>
> Defendant admitted that he dumped the contents of the trash can on complaint, but denied that he threw the can at her. He admitted that he took complainant's cell phone, but contended that he did not intend to deprive her of it permanently. He maintained that he took the phone because he believed he was owed a debt. The jury found defendant guilty of assault with intent to do great bodily harm less than murder as a lesser included offense of assault with intent to commit murder, and larceny in a building.

*People v. Flood,* No: 248157, 2004 WL 2951956 (Mich. Ct. App. Dec. 21, 2004). Petitioner filed an appeal of right and raised the following claims:

> "I. Mr. Flood was denied his constitutional rights to a fair trial and to the effective assistance of counsel where his trial attorney asserted to the jury during his closing argument that Mr. Flood was guilty of assault , without any statement on the record that Mr. Flood knew about and voluntarily consented to his counsel's admissions of his guilt.
>
> II. Thomas Flood was denied his federal and state constitutional right to due process of law because the trial judge failed to sua sponte instruct the jury on the defense of claim of right.
>
> III. Defense counsel's failure to request an instruction on the defense of claim of right or to object to the trial judge's failure to instruct on that defense denied Thomas Flood his federal and state constitutional right to the effective assistance of counsel."

Petitioner then filed a *pro so* supplemental brief with the Michigan Court of Appeals raising the following issues:

> "I. Whether Mr. Flood was denied his constitutional right to review and challenge the presentence report?
>
> II. Whether habitual information was erroneous, defective and did the prosecutor establish or meet the burden of proof?

III. Whether the sentence information report assessment scoring of prior record variables and offense variables were erroneously determined and not substantiated by proof by the trier of facts, the jury, beyond a reasonable doubt?"

Following a failed attempt to file a motion for remand and a repetitive *pro se* filing of an application for leave to appeal with the Michigan Court of Appeals, Petitioner's conviction was affirmed. *Id.*

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the identical claims as those presented before the Michigan Court of Appeals and added the following new claims for review:

"I. Was defendant denied his constitutional right to a trial by judge or jury when defense informed the court that the court's daughter was a contract employee for the complainant, Julie McBride and the court should disqualify itself for possible bias real or imagin[ed]?

II. Did trial counsel render ineffective assistance of counsel by his failure to investigate, subpoena business records, medical records, call witnesses and prepare and present a defense?

III. Did trial counsel render ineffective assistance of counsel by not arguing (1) complainant's statement introduced as admissible evidence (2) not arguing complainant's preliminary examine testimony as admissible evidence as defense exhibits for impeachment purposes for the Jury's consideration of the evidence?

IV. Did the prosecutor commit misconduct in his cross-examination of the defendant on seven (7) matters individually or cumulatively?

V. Was the prosecutor['s] closing argument of the evidence sufficient of the charge or, [was it] proper [for him to use] his personal opinion of defendant's proper examination testimony as substantial evidence [of] guilt without instructions first from the Court to the Jury, that may have convinced the Jury to forego debate of the evidence presented and consider a compromised choice of the charges only?

VI. Did trial counsel render ineffective assistance of counsel for not objecting to [the] prosecutor's improper cross-examination of the defendant and improper closing argument?"

3

Petitioner's application for leave to appeal was denied. *People v. Flood,* 474 Mich. 881; 704 NW2d 466 (2005)(table). Petitioner then filed a motion for reconsideration with the Michigan Supreme Court which was also denied. *People v. Flood,* 474 Mich. 1022; 704 NW2d 398 (2006)(table). However, Justice Marilyn J. Kelly stated that she "would grant reconsideration, and on reconsideration, would vacate the Court of Appeals opinion and remand this case to the Court of Appeals for consideration and discussion of the issues in defendant's supplemental brief." *Id.*

Petitioner has now filed a petition for writ of habeas corpus challenging his conviction based upon the following claims:

> "I. Petitioner was denied his constitutional rights to a fair trial and to the effective assistance of counsel where his trial attorney asserted to the jury during his closing argument that Petitioner was guilty of assault , without any statement on the record that Petitioner knew about and voluntarily consented to his counsel's admissions of his guilt.
>
> II. Thomas Flood was denied his federal and state constitutional right to due process of law because the trial judge failed to sua sponte instruct the jury on the defense of claim of right.
>
> III. Defense counsel's failure to request an instruction on the defense of claim of right or to object to the trial judge's failure to instruct on that defense, denied Thomas Flood his federal and state constitutional right to the effective assistance of counsel."
>
> IV. [Petitioner references his "Motion for Remand Hearing under *People v. Ginther*" and his "Supplemental Brief" filed with the Michigan Court of Appeals. However, Petitioner does not identify a specific claim for habeas review.]"

Petitioner then filed a motion to amend his habeas petition to include several new claims and to withdraw habeas claim IV because it was unexhausted. The Court entered an Order [Dkt. #23] denying Petitioner's motion to amend his habeas petition and granting

4

his motion to withdraw the unexhausted claim.

## II.  STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state court decisions.  Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits:

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law."  *Id.* at 410 (emphasis in original).  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law is objectively unreasonable."  *Id.* at 409.  "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption

5

by clear and convincing evidence." *Baze v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

### III.  DISCUSSION

### A. Ineffective Assistance of Counsel

Petitioner asserts that he received ineffective assistance of counsel for two reasons. First, Petitioner claims that defense counsel erroneously conceded Petitioner's guilt to the charge of assault by telling the jury during his closing argument that Petitioner dumped the contents of the garbage can onto Ms. McBride's person.  Second, Petitioner argues that his attorney rendered ineffective assistance when he failed to request a jury instruction on the defense of claim of right and/or failed to object to the omission of the jury instruction when it was apparent that the trial court was not going to instruct the jury on that defense.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test.  In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court sets forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.  *Strickland,* 466 U.S. at 687.  Second, the petitioner must establish that the deficient performance prejudiced the

defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Id.* at 694. Relative to a "reasonable probability," the question is whether the evidence which was not revealed, "taken as a whole, might well have influenced the jury's appraisal of [Petitioner's] culpability" and whether "the likelihood of a different result if the evidence had gone in is sufficient to undermine the confidence in the outcome actually reached . . . " *Rompilla v. Beard*, 545 U.S. 374, 376 (2005). "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311-12 (6th Cir. 1996).

### 1. Conceding Guilt to a Lesser Offense

The Michigan Court of Appeals addressed this issue and rejected Petitioner's argument stating as follows:

> Counsel does not render ineffective assistance by conceding certain points at trial, including conceding guilt of a lesser offense. Only a complete concession of guilt constitutes ineffective assistance. Defendant testified that he dumped trash on complainant's head. Counsel admitted that this act constituted an assault, but denied that defendant struck complainant with the

7

> trash can or that he intended to harm her. Counsel did not concede that defendant was guilty of a charged offense. Counsel's argument was reasonable trial strategy. We do not substitute our judgment for that of trial counsel on matters of trial strategy. Defendant has not demonstrated that counsel's performance resulted in prejudice.

*People v. Flood,* No: 248157, 2004 WL 2951956, *1 (internal citations omitted).

In this case, the Court finds that the Michigan Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Petitioner testified that he dumped the contents of the trash can onto Ms. McBride. The only reasonably disputed issue at trial was whether Petitioner threw the garbge can at Ms. McBride and whether he intended to cause her harm. It was a reasonable strategic decision for counsel to concede the obvious, gain credibility by his concession, and then attack the weak point of the prosecutor's case. Indeed, the strategy worked as Petitioner was originally charged with assault with intent to commit murder, but was convicted of the lesser offense of assault with intent to do great bodily harm less than murder. Moreover, given the evidence produced at trial, the Court of Appeals reasonably concluded that counsel's decision to concede that Petitioner assaulted Ms. McBride was sound trial strategy. Petitioner therefore cannot demonstrate that trial counsel was ineffective under the standard set forth in *Strickland*, *supra*. Accordingly, he is not entitled to habeas relief on this claim.

### 2. Failing to Request a Claim-of-Right Defense Jury Instruction

The Michigan Court of Appeals stated that Petitioner waived his right to a review of the jury instruction issue by not requesting a jury instruction on the claim-of-right defense

8

at trial, but reviewed the merits of the issue anyway. The appellate court held that the evidence did not support a claim-of-right defense and, therefore, defense counsel was not ineffective for failing to request a jury instruction on the defense.

The Michigan Court of Appeals addressed Petitioner's ineffective assistance of counsel argument as follows:

> Trial counsel did not render ineffective assistance by failing to request an instruction on the defense of claim of right. Defendant maintained that he took the cell phone because he was owed a debt, but did not claim that he had a legal right to the cell phone. The evidence did not support the giving of CJI2d. 7.5 Trial counsel was not required to make a meritless request for an inapplicable instruction.

*Id.* at *2 (internal citations omitted).

For the reasons set forth below, the trial court did not err in its omission of the claim-of-right defense jury instruction from Petitioner's trial court proceedings. Therefore, defense counsel was not ineffective for failing to request the instruction be read to the jury. Accordingly, habeas relief is not warranted on this claim.

### B. Trial Court Error in it Failure to *Sua Sponte* Instruct the Jury on the Claim-of-Right Defense

A defendant generally "is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988). However, a petitioner is entitled to habeas relief only if the defective jury instructions "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). A federal court may not grant the writ of habeas corpus on the ground that a jury instruction was incorrect under state law, *see Estelle v. McGuire*, 52 U.S. 62, 71-72 (1991), and "[a]n omission, or an

9

incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). The jury instruction "'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72 (quoting *Cupp*, 414 U.S. at 147). On habeas review, this Court is bound by the state court's interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam).

In Michigan,

> "[a] felonious intent is an inseparable and essential ingredient of every larceny, and if a person takes property under a claim of right, however [] unfounded, he is not guilty of the offense. In all cases where one in good faith takes another's property under a claim of right to do so, or under a claim of title in himself, he is exempt from a charge of larceny, however mistaken the claim may be in fact. It is a matter of evidence for the jury whether property was bona fide so taken, or whether it was taken with felonious intent."

*People v. Karasek*, 63 Mich. App. 706, 711, 234 N.W.2d 761, 764 (1975) (quoting 3 Gillespie, Michigan Criminal Law & Procedure (2d ed.), § 1799, pp. 2144-2145)); *see also People v. Henry*, 202 Mich. 450, 455, 168 N.W. 534, 535-36 (1918) (explaining that, if a defendant in good faith believes that the money which he demanded was his money and that he was entitled to it, he is not guilty of robbery or larceny because there is no felonious intent under those circumstances). However, a claim of right may not be "a 'mere cover for a felonious taking. The taker's claim of right must be something more than a vague impression; it must amount to an honest conviction.'" *Karasek*, 63 Mich. App. at 713, 234 N.W.2d at 765 (quoting 52A C.J.S. Larceny § 26, pp. 449, 450).

The state court's decision not to give an instruction as to claim-of-right did not "so infect[] the entire trial that the resulting conviction violates due process." *See Cupp*, 414

10

U.S. at 147. The evidence supporting such a defense came from Petitioner's testimony, in part, and consisted of an assertion that Ms. McBride owed him money. Therefore, taking Ms. McBride's cell phone was his method of settling her debt with him. With this being Petitioner's alleged intent, he argues that his purpose in taking Ms. McBride's cell phone was not to steal it from her. However, at no time did Petitioner suggest that he had a legal right to the cell phone itself. Michigan law does not support the theory that a person owed money has a right to take an item of personal property that is an equivalent value of the debt absent prior agreement to that effect. *See, e.g., People v. Konesko*, 2005 WL 1632532 at *3 (Mich. App. July 12, 2005) (holding that "the evidence did not support the assertion that defendant's companion honestly and reasonably believed that he was entitled to possession of the victim's personal property. The circumstances in which the alleged attempt to satisfy the debt occurred - late at night, during a home invasion, and at gun point - do not support a finding that defendant's companion had a legitimate claim of right to the property").

Ms. McBride testified that she owed Petitioner $400.00 in back wages and that she was making arrangements to pay him. Petitioner testified that he took Ms. McBrides cell phone with the intention of returning it. He had just planned to use it. The state court of appeals determined that the record did not support a claim-of-right jury instruction because "he did not claim that he had a legal right to the cell phone." *Flood,* No: 248157, 2004 WL 2951956, *2. That finding is not an unreasonable construction of the facts in this case, nor was the state court's decision that not to give a claim-of-right instruction *sua sponte* or otherwise contrary to or an unreasonable application of federal law. Therefore, habeas relief is denied on this claim.

## C. Certificate of Appealability & *In Forma Pauperis*

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[1] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong. The Court thus declines to issue Petitioner a certificate of appealability.

Finally, the Court concludes that although a certificate of appealability has been denied, Petitioner will be granted leave to proceed on appeal *in forma pauperis* as any appeal of the Court's decision would not be frivolous. *See* Fed. R. App. P. 24(a).

---

[1]Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

12

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that any application for leave to appeal *in forma pauperis* is **GRANTED**.

s/John Corbett O'Meara
United States District Judge

Date: March 22, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 22, 2010, using the ECF system and/or ordinary mail.

S/William Barkholz
Case Manager